United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA CORRAL,<br><br>         Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., *et al.*,<br><br>         Defendants.<br>_____/ | No. C-15-1542 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT**<br><br>**(Docket No. 10)** |

Plaintiff Esperanza Corral filed this action in Alameda Superior Court against Defendant Select Portfolio Servicing alleging violations of the California Homeowners Bill of Rights and the California Unfair Competition Law. *See* Docket No. 2-1 (State Court Complaint). The suit was brought in response to a Notice of Trustee Sale that Select served on Corral in connection with a piece of real property located at 27446 Green Wood Road in Hayward, California. *See id.* Corral's complaint seeks an injunction enjoining the trustee sale until Select completes its review of Corral's apparently pending application for a loan modification, in addition to unspecified monetary damages and attorneys fees. *Id.* at Prayers 1-4.

Select removed the action to this Court on April 3, 2015. Docket No. 1 (Notice of Removal). According to Select, jurisdiction is proper in this Court because all parties are of diverse citizenship and the amount in controversy exceeds the value of $75,000. *See id.* at 1-2. In her motion to

1  remand, Corral concedes diversity of citizenship but disputes whether the amount in controversy
2  requirement is satisfied.[1]  *See* Docket No. 10.  It is.

3     "In actions seeking declaratory or injunctive relief, it is well established that the amount in
4  controversy is measured by the object of the litigation."  *Hunt v. Washington State Apple Advertising*
5  *Commission*, 432 U.S. 333, 347 (1977) (citations omitted).  "If the primary purpose of a lawsuit is to
6  enjoin a bank from selling or transferring property, then the property is the object of the litigation."
7  *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2010 WL 2629785, at *4 (N.D. Cal. Jun. 29,
8  2010) (citations omitted); *see also Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir.
9  1973) (holding that where the "whole purpose" of an action is to prevent a sale of a property, the
10 property is the object of the litigation).

11    Here, Select has provided evidence that the amount of the loan on the subject property is
12 $680,000.  *See* Docket No. 1-2, Ex. A.  Select has further provided evidence that the total unpaid
13 balance and other charges at the time of the Notice of Trustee Sale was $806,512.74.  *See* Docket
14 No. 1-2, Ex. B.  These amount are clearly in excess of the jurisdictional amount, and thus this Court
15 has jurisdiction.  *See Reyes*, 2010 WL 2629785, at *6 (finding amount-in-controversy requirement
16 satisfied where amount of indebtedness on foreclosed home exceeded $75,000); *Cabriales v. Aurora*
17 *Loan Servs.*, No. C-10-161, 2010 WL 761081, at *3 (N.D. Cal. Mar. 2, 2010) (same).

18    Corral argues that the Court should not consider the full amount of the loan or deficiency as
19 the value of any injunction, because the injunction she seeks is relatively limited, and is only
20 intended to enjoin the sale of the property for a limited time while Select considers whether to grant
21 a loan modification.  Docket No. 10.  Put simply, Corral argues that she is not trying to enjoin the
22 foreclosure sale in its entirety, but simply for a short period of months.  Corral argues that the cost of
23 any such limited injunction to Select is significantly less than $75,000.  Unfortunately for Corral,
24 however, the Ninth Circuit has held that the value of injunctive relief should be considered under the
25 "either viewpoint" rule.  *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958

---

[1] The Court notes that this action is nearly identical to an earlier action Select successfully removed to this Court on May 15, 2014.  *See* Case No. 14-cv-2251-MEJ.  Notably, Corral never filed a motion to remand in that case.  It appears that the suit was eventually resolved through a settlement after Judge James dismissed Plaintiff's complaint in significant part.

(9th Cir. 2001). Under the "'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* Thus, while the potential costs Select might endure if it was temporarily enjoined from foreclosing on Corral's property may not exceed $75,000, the potential gains Corral would obtain from such an injunction would surely exceed $75,000. *See Henderson v. Nationstar Mortg. Co., LLC*, No. C07-2039-JLR, 2008 WL 302374, at *2 (W.D. Wash. Jan. 31, 2008) (recognizing amount-in-controversy was satisfied in foreclosure case because "if the trustee sale occurs, Plaintiff will suffer a loss greater than $75,000"); *see also Reyes*, 2010 WL 2629785, at *6 ; *Cabriales*, 2010 WL 761081, at *3.

Consequently Plaintiff's motion to remand is **DENIED**. The hearing set for this matter on June 11, 2015, is **VACATED**. Select's motion to dismiss remains set for hearing on June 23, 2015. *See* Docket No. 19.

This order disposes of Docket No. 10.

IT IS SO ORDERED.

Dated: June 4, 2015

_____
EDWARD M. CHEN
United States District Judge

3