UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA CORRAL, *et al.*, | No. C-15-1542 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| SELECT PORTFOLIO SERVICING, INC., *et al.*, | **(Docket No. 18)** |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Select Portfolio Servicing, Inc. ("Select") and U.S. Bank, N.A.'s (collectively, "Defendants") motion to dismiss Esperanza Corral and Diana Balgas's ("Plaintiffs") first amended complaint. Plaintiffs' complaint sets forth claims that Defendants (1) violated the California Homeowners Bill of Rights; (2) violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3) breached a settlement agreement; and (4) breached the covenant of good faith and fair dealing attendant to that settlement agreement. Docket No. 14, *First Amended Complaint* ("FAC"). Currently pending before the Court is Defendants motion to dismiss this complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. BACKGROUND

On or around September 8, 2006, Plaintiff took out a mortgage loan for $680,000.00 to purchase the property located at 27446 Green Wood Road, Hayward, California 94544 (the "Subject Property"). First Am. Compl. ("FAC") ¶ 3; Deed of Trust ("DOT"), Ex. B to Defendants' Request

1 for Judicial Notice ("RJN), Docket No. 9-1.[1]  Washington Mutual Bank, FA, a federal savings bank
2 ("WAMU"), was the Lender and Beneficiary, and California Reconveyance Company ("CRC") was
3 the Trustee. RJN, Ex. B.

4       On February 21, 2013, WAMU assigned all interest under the DOT to "U.S. Bank National
5 Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee
6 Successor by Merger to LaSalle Bank, National Association as Trustee for WAMU Mortgage Pass-
7 Through Certificates Series 2006AR15 Trust[.]" Corporate Assignment of Deed of Trust, RJN Ex.
8 C.

9       On April 1, 2014, a Notice of Trustee's Sale was recorded with Alameda County Recorder's
10 Office, as Instrument Number 2014080579. RJN, Ex. G. Ten days later, on April 11, 2014, Corral
11 filed a complaint in Alameda County Superior Court. *See* Case No. 14-cv-02251, Docket No. 1.
12 Defendants removed the matter to the Oakland Division of this Court. *Id*.

13       The parties reached a settlement in that matter, which was memorialized in a written
14 settlement agreement on December 5, 2014. FAC, Ex. A. In that contract, Plaintiffs agreed to
15 release all of its claims, including claims that Defendants engaged in "dual tracking" in violation of
16 HBOR and UCL § 17200. *See Id.* Pursuant to the agreement, the parties requested a voluntary
17 dismissal of the action – with prejudice – which was granted by the court on January 13, 2015. Case
18 No. 14-cv-02251, Docket No. 35.

19       On March 3, 2015, Plaintiffs filed the instant case. On April 23, 2015, Plaintiff filed its first
20 amended complaint, alleging that Defendants (1) violated the California Homeowners Bill of Rights;
21 (2) violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (3)
22 breached a settlement agreement; and (4) breached the covenant of good faith and fair dealing

---

[1] The Court **GRANTS** Defendants' request to take judicial notice of the following documents because they are public records: (1) Deed of Trust, recorded September 14, 2006, as document number 2006349473 of the Alameda County Recorder's Office, for the Subject Property; (2) Corporate Assignment of Deed of Trust, recorded as document number; (3) Notice of Default and Election to Sell Under Deed of Trust, recorded April 19, 2013, as document number 2013139381 of the Alameda County Recorder's Office; (4) Notice of Trustee's Sale, recorded July 23, 2013, as document number 20132500395 of 2013139381 of the Alameda County Recorder's Office; (5) Notice of Trustee's Sale, recorded April 1, 2014, as document number 2014080579 of the Alameda County Recorder's Office, for the Subject Property. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

attendant to that settlement agreement. *See* FAC. On May 11, 2015, Defendants moved to dismiss that complaint. Docket No. 18.

### III. DISCUSSION

A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

B. Res Judicata

Defendants argue that Plaintiffs' claims for violation of HBOR and UCL are barred by operation of *res judicata*. According to Defendants, because the Plaintiffs voluntarily dismissed these exact claims with prejudice in the prior litigation, they cannot bring them again in the instant case. In response, Plaintiff vaguely argues that it is bringing new claims predicated on new allegations. Plaintiff does not specify what claims are new, or cite anything in the complaint that would support this proposition.

In general, *res judicata* "prohibits [parties] from relitigating issues that were or could have been raised in an action resulting in a final judgment on the merits." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1245 (9th Cir. 2013) (quoting *Federated Department*

*Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "*Res judicata* applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013).

Here, each prong is met. First, there is an identity of claims between the prior and instant litigation. In California, an identity of claims exists where the claims at issue stem from the same "invasion of rights." *Weikel v. TCW Realty Fund II Holding Co.*, 55 Cal. App. 4th 1234, 1246 (1997). Contrary to Plaintiffs assertions, the factual allegations underlying the HBOR/UCL claims that it voluntarily dismissed with prejudice are nearly identical to the HBOR-claim and UCL-claim it asserts here. *See* FAC ¶¶ 1-13; compare Case No. 14-cv-02251, Docket No. 1, ¶¶ 1-13. Substantively identical allegations and identical causes of action are more than sufficient to satisfy California's requirement that the claims stem from a violation of the same "primary rights." *Weikel*, 55 Cal. App. 4th at 1263.

Second, Plaintiff's voluntary dismissal of its HBOR and UCL claims constituted a final judgment on the merits for the purposes of *res judicata*. *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991) ("a voluntary dismissal, with prejudice, entered by stipulation of the parties, is considered a final judgment on the merits for purposes of *res judicata*") (citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438–39 (9th Cir.1985).

Finally, the parties here are identical to the parties in the previous litigation. *See* FAC; *see also* Case No. 14-cv-02251, Docket No. 1. Accordingly, *res judicata* bars Plaintiffs' HBOR and UCL claims[2] and the Court **DISMISSES** them with **PREJUDICE**.

---

[2] The Court notes that the settlement agreement also supplies an independent ground for dismissing Plaintiff's UCL and HBOR claims. In the settlement agreement, Plaintiff agreed to "release and forever discharge [Defendants] from any and all state or federal claims, demands, or causes of action asserted, existing or claimed" arising from "or related to the Loan, Dispute, and/or Litigation, which may exist from the beginning of time to the date of this Agreement." FAC, Ex. A at p. 3. Generally, such a release is sufficient to preclude further litigation on the same claims. *See, e.g., United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992); *see also* 18A Wright et al., Federal Practice and Procedure: Jurisdiction § 4465.1 at n. 17 ("If the terms of the judgment are dictated by settlement, preclusion consequences might be measured by the test that applies to all consent judgments – the intent of the parties").

C. <u>Contract Claims</u>

In its papers, Plaintiffs argue that Defendants breached the terms of the settlement agreement by failing to provide it with a proper Request for Modification Application (RMA). According to Plaintiffs, this failure on the part of the Defendants excused Plaintiffs' own failure to provide the completed RMA within thirty-days of the settlement agreement. Plaintiff also alleges that this same failure to provide an RMA constituted a breach of the covenant of good faith and fair dealing.

In response, Defendants argue that they were not required – by the express terms of the agreement or its implied covenant – to provide the RMA to the Plaintiffs, and that even if they were, the RMA was publicly available at all times relevant.

The disputed portion of the settlement agreement provides, in relevant portion:

> After entry of the order on the voluntary dismissal of the Litigation, [**Defendant**] **agrees to await a thirty (30) day period of time to receive Plaintiffs' submission of a completed application for a modification of Plaintiffs' Loan. Plaintiffs may, at their option, submit a complete application for modification of their Loan** to counsel for SPS (or directly to SPS, at Plaintiffs' election). For the purposes of this paragraph "complete application" shall bear the same meaning as that provided for in California Civil Code section 2923.6(h). However, if no such completed application is received at the conclusion of the thirty (30) day period referenced above, [Defendant] and/or the Trust reserve all rights to pursue a non-judicial foreclosure process regarding the Property to the extent that process is permitted by law. Plaintiffs expressly understand and agree that their failure to timely submit any additional information requested by [Defendant] following its receipt of any documents or modification within time periods expressed in writing by [Defendant] may result in [Defendant]'s determination that Plaintiffs' desire for a Loan modification review has been withdrawn by Plaintiffs.

FAC, Ex. A at p. 2.

Nothing in the provision quoted above, or the agreement as a whole, expressly requires the Defendant to provide the Plaintiff with a RMA. However, it is a "well-settled principle that express contractual terms give rise to implied duties, violations of which may themselves constitute breaches of contract." *Holguin v. DISH Network LLC*, 229 Cal. App. 4th 1310, 1324 (2014).

Here, Plaintiffs' argument is that the agreement was silent as to how Plaintiff was to obtain the application, and therefore, it implied a duty that the Defendants would provide it. Plaintiffs' argument appears to be that Defendants' failure to provide the RMA excused its own failure to

5

provide a completed RMA within the thirty-day period. This argument fails for two primary reasons: (1) the agreement explicitly burdens the Plaintiffs with *submitting* the RMA, and only burdens the Defendants with *waiting* for the RMA; and (2) the complaint indicates that the Defendants made the RMA reasonably available.

First, as indicated above, the language of the settlement agreement puts the full burden on Plaintiffs to submit an RMA within 30 days of the agreement, and only requires that the Defendants wait for the RMA to arrive. FAC, Ex. A at p. 2 ("[Defendant] agrees to await a thirty (30) day period of time to receive Plaintiffs' submission of a completed application for a modification of Plaintiffs' Loan."). In light of this, the burden of obtaining the RMA form falls exclusively on the Plaintiffs. Thus, Plaintiffs' burden under the contract – at a minimum – was to make reasonable efforts to obtain the RMA form within the thirty-day period. By their own account, Plaintiffs failed to even contact Defendants about obtaining an RMA until February 25, 2015; when Defendants set a new date for trustee sale. FAC ¶ 16. At that point, Plaintiffs had already breached the settlement agreement and had allowed an additional fifty-days to pass. If Plaintiffs had a good faith belief that the Defendants were impliedly bound to send an RMA form to them, they should have demonstrated some level of diligence in requesting either (1) the form itself; or (2) adequate assurances that the Defendants would provide the form. Not doing so eliminates any excuse for its breach of the settlement agreement.

In short, the settlement agreement does not impliedly burden the Defendants with providing the RMA form, and the Plaintiffs waited too long to test this presumption. Even if it were plausible that Plaintiffs were waiting for the RMA in good faith (which it is not), their lack of diligence fatally undermines Plaintiffs' request that this Court excuse their breach.

Second, even if Defendants did have the implied obligation to make the RMA form available, Defendants satisfied this burden. It is undisputed that the RMA form at issue was – at all relevant times – a publicly available document that Plaintiff could obtain online. This uncontested fact is evidenced by the Plaintiffs' own allegation that they obtained the RMA from Defendants' website, without prompting, and submitted it within eight days of being informed of the new trustee

sale. FAC ¶ 19. Thus, the FAC demonstrates that the RMA was reasonably available, and Plaintiffs do not dispute their ability to obtain the RMA during the relevant thirty-day period.

Accordingly, because both of Plaintiffs contract claims are predicated upon the breach of an implied contract term that (1) cannot reasonably be implied; and (2) was not breached; the Court **DISMISSES** both claims with **PREJUDICE**.

### IV.  CONCLUSION

In sum, for the reasons provided, the Court **DISMISSES** all of Plaintiffs' claims with prejudice.

This order disposes of Docket No. 18. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: July 9, 2015

_____
EDWARD M. CHEN
United States District Judge

7